UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| R. PEACHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00051-SEB-MG |
| | ) | |
| D. REAGLE, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
FOR LACK OF JURISDICTION**

Robert Peacher's petition for a writ of habeas corpus challenges his conviction in disciplinary case ISR 22-05-0057. Mr. Peacher contends that the prison staff convicted him of the disciplinary violation and punished him without due process. The Court does not reach those arguments, however, because the case does not fall within the Court's jurisdiction.

A court may grant a writ of habeas corpus under 28 U.S.C. § 2254 "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). A prison discipline proceeding affects an inmate's "custody" if it resulted in a deprivation of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or a demotion in credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001).

Mr. Peacher was not sanctioned with a credit-time loss or a credit-class demotion in ISR 22-05-0057. Rather, he was sanctioned only with a written reprimand, restitution, and a suspended term of 180 days in restrictive status housing. Dkt. 21-2. Respondent has moved for summary judgment on the ground that Mr. Peacher is not "in custody" on this disciplinary conviction. Dkt. 21 at 2.

"Indiana's credit time assignments, and the grounds for reduction or deprivation, are established by statute." *See* Ind. Code §§ 35-50-6-4 (credit time assignments), 35-50-6-5 (deprivation of earned time). *Bleeke v. Lemmon*, 6 N.E.3d 907, 933 (Ind. 2014). "Such good time credits and classifications, however, are not constitutionally required—and an inmate only acquires a liberty interest in those credits when they are actually awarded." *Id.* (citing *Cottingham v. State*, 424 N.E.2d 105, 107 (Ind. 1981)).

Mr. Peacher does not assert that his disciplinary conviction in ISR 22-05-0057 resulted in a deprivation of credit time that had already been awarded. Instead, he argues that the Court has jurisdiction over this matter because his conviction in ISR 22-05-0057 delayed his eligibility for a credit-class promotion. *See* dkt. 30 at 2 ("Petitioner IS 'in custody' on this disciplinary action because the disciplinary action prevented the petitioner from being promoted into a higher credit class which directly affects his time incarcerated.").

By statute, the Indiana Department of Correction (IDOC) must review a prisoner's credit class assignment every six months and determine whether he should be promoted. Ind. Code § 30-50-6-4(g). This decision is "at the complete discretion of the prison." *Smith v. Wilson*, 264 F. App'x 503, 504 (7th Cir. 2008). The statute does not entitle a prisoner to a credit-class promotion, but to a discretionary "re-evaluation of his credit-earning class." *Id.*

Mr. Peacher cannot establish jurisdiction by relying on the IDOC's promotion policy. A disciplinary action resulting in the denial of a *future opportunity* to earn an earlier release does not affect an inmate's custody for purposes of habeas review. *See Hadley v. Holmes*, 341 F.3d 661, 664–65 (7th Cir. 2003); *Holleman v. Finnan*, 259 F. App'x 878, 879 (7th Cir. 2008). Mr. Peacher does not complain that any benefit already conferred has been taken away. *See Hadley,* 341 F.3d at 664 (explaining that a civil action under "§ 1983 must be used where a claim, if decided

favorably to the prisoner, at best *might* accelerate the accrual of good time and hasten the prisoner's release.") (emphasis in original); *Bleeke*, 6 N.E.3d at 933 ([A]n inmate only acquires a liberty interest in those credits when they are actually awarded.").

*Smith*, 264 F. App'x 503, is illustrative. The Seventh Circuit considered whether a disciplinary action delaying a prisoner's eligibility for a credit-class promotion could be challenged in a habeas action. The Seventh Circuit explained:

> Smith argues that the mere fact that he was disciplined for an offence (regardless of the discipline imposed) caused him to languish in Class III because Indiana law requires prisoners to remain offense-free for six months before earning elevation to the next-highest class. Smith's argument—if true—would bring his claim within § 2254 because any offence would necessarily result in a six-month period during which he could not earn good-time credits at an increased rate.
>
> The Indiana statute, however, shows that a demotion in class is not the automatic result of any discipline imposed and that a prisoner can be reinstated to a higher class whenever the prison feels they are deserving (with a review of a prisoner's merit occurring at least every six months). Ind. Code § 35-50-6-4. Because loss of credit-earning potential is not an inevitable result of Smith's violations, the disciplinary hearings he attacks do not implicate the length of his sentence. Any improvement to his rate of earning good-time credits remains at the complete discretion of the prison; his only entitlement is to a re-evaluation of his credit-earning class every six months.

*Smith*, 264 F. App'x at 504. The Seventh Circuit affirmed the dismissal of all three habeas cases for lack of jurisdiction. *Id.*

Like Smith, Mr. Peacher did not lose out on a statutorily automatic credit-class repromotion by virtue of ISR 22-05-0057. *Bleeke*, 6 N.E.3d at 934 ("[T]here is no automatic, blanket, or unqualified entitlement to early release on parole, favorable credit status, or any other favorable prison privileges. . . ."). To the extent ISR 22-05-0057 delayed his eligibility for a promotion, it delayed his eligibility for a promotion promised by IDOC policy. And violations of the IDOC's policies do not fall within this Court's habeas corpus jurisdiction. *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995) (Prison policies are "primarily designed to guide correctional officials in the

administration of a prison" and not "to confer rights on inmates."); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

In short, Mr. Peacher does not challenge a disciplinary action that affected the duration of his custody but rather an action that may have affected an opportunity to shorten the duration of his custody in the future under a prison policy. *See Pernokis v. McBride*, 67 F. App'x 931, 931–32 (7th Cir. 2003) (citing Ind. Code § 35–50–6–4 and concluding habeas action should be dismissed for lack of jurisdiction because disciplinary sanction did not necessarily affect the length of petitioner's incarceration). Such actions have no constitutional significance and are not remediable in habeas corpus actions.

Respondent's motion to dismiss, dkt. [21], is **GRANTED** to the extent that this action is **DISMISSED** for **lack of jurisdiction**. The **clerk is directed** to enter final judgment.

    IT IS SO ORDERED.

Date:     3/5/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

R. PEACHER
881627
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only